IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAKISHA SMITH and SHAWN SMITH | § § § | PLAINTIFFS |
| v. | § § | CIVIL NO.: 1:14cv345-HSO-JCG |
| HOMECOMINGS FINANCIAL, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NATIONSTAR MORTGAGE, LLC, UNDERWOOD LAW FIRM, PLLC, JOHN C. UNDERWOOD JR. | § § § § § § § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT UNDERWOOD LAW FIRM, PLLC

This matter is before the Court *sua sponte* concerning the issue of whether the Court possesses subject matter jurisdiction. On February 11, 2015, the Court directed Defendants Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc., to "file a brief in support of their position" that the Underwood Law Firm, PLLC, has been improperly joined. Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems responded [28] to the Court on February 25, 2015. Having considered the Response [28], the record, and relevant legal authorities, the Court finds that the citizenship of the Underwood Law Firm, PLLC, should be disregarded on the basis that the Underwood Law Firm, PLLC, is both a nominal party and improperly joined, such that the Court has subject matter jurisdiction over this case on the basis of diversity of citizenship. The Court further finds that the Underwood Law Firm, PLLC, should be dismissed.

I. BACKGROUND

Plaintiffs Lakisha Smith and Shawn Smith ("Plaintiffs") allege that they own a home and real property located at 2807 Woodlawn Avenue, Moss Point, Mississippi, 39563 ("the Property"). Compl. [1-2, 1-2 of 20]. On December 10, 2007, Plaintiffs executed a Deed of Trust covering the Property and, by instrument dated August 5, 2013, Defendant Underwood Law Firm, PLLC ("the Underwood Firm"),[1] became the substitute trustee on the Deed of Trust. *See* Substitute Trustee's Notice of Sale, attached as Ex. "2" to Mem. in Supp. of Removal [28-2].[2] The Deed of Trust was executed for the benefit of Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Defendant HomeComings Financial, LLC ("HomeComings"). *Id*. The Deed of Trust was subsequently assigned to Defendant Nationstar Mortgage, LLC ("Nationstar"). *Id*. On September 18, 2013, the Underwood Firm, as substitute trustee under the Deed of Trust, executed a Notice of Foreclosure Sale claiming that Plaintiffs were in default under the terms of the Deed of Trust and that the Property would be sold at a foreclosure sale to be held on October 22, 2013. Substitute Trustee's Notice of Sale, attached as Ex. "2" to Mem. in Supp. of Removal [28-2]. The record reveals, however, that this foreclosure sale never occurred. *See id.*; Compl. [1-2, 2 of 20].

---

[1] The Underwood Firm's managing partner was Defendant John C. Underwood Jr., but as set forth in a Suggestion of Death [6] filed on October 15, 2014, John C. Underwood Jr. died on October 13, 2014. Plaintiffs made no effort thereafter to substitute his estate, and the Court dismissed John C. Underwood Jr. by Order [24] dated February 10, 2015.

[2] The Substitute Trustee's Notice of Sale was also attached as Exhibit "A" to Plaintiffs' Complaint. *See* Ex. "A" to Compl. [1-2, 7-8 of 20].

On August 6, 2014, Plaintiffs filed their Complaint in the County Court of Jackson County, Mississippi, seeking to permanently enjoin any attempts to conduct a foreclosure sale of the Property and to set aside any such sale. Compl. [1-2, 1-5 of 20]. On September 8, 2014, Nationstar and MERS removed the case to this Court on the basis of diversity of citizenship, arguing that non-diverse Defendants John C. Underwood Jr. and the Underwood Firm were improperly joined. Plaintiffs did not seek remand, and on February 11, 2015, the Court ordered Nationstar and MERS to file a brief in support of their position that the Court has subject matter jurisdiction over this dispute. Order 2 [25]. Nationstar and MERS responded on February 25, 2015, asserting that the Court has diversity jurisdiction because the citizenship of the Underwood Firm should be disregarded on the basis that the Underwood Firm is a nominal party or, alternatively, is improperly joined. Mem. in Supp. of Removal 5-10 [28].[3]

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). 28 U.S.C. § 1332 provides that "[t]he district

---

[3] Although subsequent to this case being removed Plaintiffs filed a Motion to Amend Complaint [23] which appears to request leave to add at least one claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, any such post-removal amendments are inapposite to the dispositive question of whether the Court had jurisdiction over this case at the time it was removed. *Camsoft Data Sys., Inc. v. S. Electronics Supply, Inc.*, 756 F.3d 327, 336-37 (5th Cir. 2014) ("We do not generally recognize post-filing or post-removal amendment as cure for jurisdictional defect.").

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  *Id*. § 1441(a).  The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit.  *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

A.   The Underwood Firm is a Nominal Party

"When considering whether there is diversity jurisdiction, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'"  *KeyBank Nat. Ass'n v. Perkins Rowe Associates, L.L.C.*, 539 F. App'x 414, 416 (5th Cir. 2013) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).  "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ."  *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366-67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)).

Nationstar and MERS have sufficiently established that the Underwood Firm is a nominal party to this case and thus its citizenship should be disregarded

for purposes of evaluating jurisdiction founded on diversity of citizenship. The record reveals that the Underwood Firm became the substitute trustee on the Deed of Trust executed by Plaintiffs. *See* Substitute Trustee's Notice of Sale, attached as Ex. "2" to Mem. in Supp. of Removal [28-2]. Aside from listing the Underwood Firm as a Defendant, the Complaint [1-2] contains no allegations related to the Underwood Firm, its conduct during any purported foreclosure sale of the Property, or its role as substitute trustee. As substitute trustee, the Underwood Firm has no personal stake in the outcome of the case, and its presence is not necessary to bring the disputes raised in the Complaint to complete resolution. *See, e.g.*, *Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, No. 1:09-cv-723-LG-RHW, 2010 WL 502698, at *1 (S.D. Miss. Feb. 5, 2010) (noting that "[u]nder Mississippi law, a trustee under a deed of trust is merely a formal party, because he is 'little more than an agent, albeit for both parties, and the writing prescribes his duties'") (quoting *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1223 (Miss. 1990)). Because the Court finds that the Underwood Firm is merely a nominal party,[4] its citizenship will be disregarded for purposes of determining whether this Court has subject matter jurisdiction on the basis of diversity of citizenship.

---

[4] The Underwood Firm's former managing partner, John C. Underwood Jr. would also be considered a nominal party had he not been dismissed as a result of his death. *Hawkins v. Wells Fargo Bank, N.A.*, No. Civ. A. 1:07-cv-399-LTS-JMR, 2008 WL 216529, at *1 (S.D. Miss. Jan. 23, 2008) (finding named partner of law firm designated as substitute trustee was a nominal party) (citing *Wansley*, 566 So. 2d at 1223).

B.     Alternatively, the Underwood Firm Was Improperly Joined

A removing party may demonstrate that a non-diverse party was improperly joined by establishing "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The question presented is whether Plaintiffs can establish a cause of action against the Underwood Firm under Mississippi law.  In conducting this inquiry, the Court looks at the allegations of Plaintiffs' Complaint as they relate to the Underwood Firm to "determine whether the [C]omplaint states a claim under state law against" the Underwood Firm.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  "[S]tated differently[, the test is whether] there is no reasonable basis for the [Court] to predict that [P]laintiff[s] might be able to recover against" the Underwood Firm.  *Id*.

Applying the foregoing test to the present case reveals that the Underwood Firm is improperly joined.  A trustee under a deed of trust owes "no duties 'until called upon to foreclose,' at which point the duties [are] 'limited to conducting a fair and impartial sale according to law and the contract between the parties.'" *Neely v. Regions Bank, Inc.*, 262 F. App'x 630, 633 (5th Cir. 2008) (noting further that "[i]n other words, the scope of [the trustee's] duties [do] not extend beyond the foreclosure sale") (quoting K.F. Boakle, Miss. Real Estate Foreclosure Law § 2:3 (2d ed. 2006)).  The record in this case is clear that while a foreclosure sale was at one

6

time scheduled to occur on October 22, 2013, that sale was cancelled and no foreclosure of Plaintiffs' property has occurred as of the date of this Order. *See* Substitute Trustee's Notice of Sale, attached as Ex. "2" to Mem. in Supp. of Removal [28-2]; Compl. [1-2, 2 of 20]. Because the Underwood Firm's duties as the substitute trustee do not extend "beyond the foreclosure sale," and no foreclosure sale has taken place, the Court finds that there is no reasonable basis to predict that Plaintiffs may recover against the Underwood Firm in this case. Accordingly, even if it were not a nominal party to this case, the Underwood Firm is improperly joined,[5] and Plaintiffs' claims against the Underwood Firm should be dismissed.

C.    This Court Has Subject Matter Jurisdiction

Having established that the Underwood Firm's citizenship should be disregarded for purposes of evaluating subject matter jurisdiction, the Court finds that it has subject matter jurisdiction over this case on the basis of diversity of citizenship. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The amount in controversy requirement is satisfied based on Plaintiffs' allegations that the value of the real property at issue is "at least $146,250[,]" which is the amount in which Plaintiffs contend they will be "irreparably damaged"

---

[5] As with the Court's finding related to the Underwood Firm's status as a nominal party, the Court's conclusion that there is no reasonable basis to predict that Plaintiffs might recover from the Underwood Firm applies with equal force to the Underwood Firm's former managing partner, John C. Underwood Jr.

if a foreclosure sale were to occur.  Compl. [1-2, 3 of 20].  *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (In an action for declaratory relief, the amount in controversy is the "value of the object of the litigation," and is "the value of the right to be protected or the extent of the injury to be prevented."); *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) ("[W]hen the validity of . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").

In addition, the Court finds that complete diversity exists with respect to "the citizenship of [the] real parties to the controversy."  *KeyBank*, 539 F. App'x at 416 (quoting *Lee*, 446 U.S. at 461) (internal marks omitted).  Plaintiffs are citizens of the State of Mississippi while Nationstar, MERS, HomeComings, and their respective members are not citizens of the State of Mississippi.  *See* Notice of Removal 2 [1].  As a result, the Court finds that there is complete diversity of citizenship among the real parties in interest and the amount in controversy is satisfied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that subject matter jurisdiction exists over Plaintiffs' claims in this case on the basis of diversity of citizenship, and Plaintiffs' claims against the Underwood Firm should be dismissed.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED**, that Plaintiffs Lakisha Smith and Shawn Smith's claims against Defendant Underwood Law Firm, PLLC, are **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of May, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE