IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAKISHA SMITH AND SHAWN SMITH**                                      **PLAINTIFFS**

V.                                                      CIVIL NO. 1:14CV345-HSO-JCG

**HOMECOMINGS FINANCIAL, LLC,
AND/OR MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. A/K/A
MERS, AND/OR NATIONSTAR
MORTGAGE, LLC, AND/OR
UNDERWOOD LAW FIRM, PLLC,
AND/OR JOHN C. UNDERWOOD, JR.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS NATIONSTAR MORTGAGE, LLC, AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S,
RENEWED MOTION FOR SUMMARY JUDGMENT [35] AND
DISMISSING PLAINTIFFS LAKISHA SMITH AND SHAWN SMITH'S
COMPLAINT [1-2] WITH PREJUDICE**

This matter is before the Court on Defendants Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc.'s, Renewed Motion for Summary Judgment [35] filed on November 23, 2015.  Plaintiffs, appearing pro se, have not filed a response.  Having considered Defendants' Motion [35], the record, and all relevant legal authorities, the Court is of the opinion that Defendants Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc.'s, Renewed Motion for Summary Judgment [35] should be granted, and Plaintiffs' claims against these Defendants should be dismissed with prejudice.

I.   BACKGROUND

A.   Facts

This civil action arises from a Note [41-1] executed by Plaintiff Lakisha

Smith on or about December 10, 2007, securing a loan in the principal amount of $92,000.00.  The Note identified the Lender as Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc. ("Homecomings").   Note [41-1] at 1.

Payment of the Note was secured by a Deed of Trust [41-2] executed by Plaintiffs Lakisha Smith and Shawn Smith, wife and husband, pledging their property located at 2807 Woodlawn Avenue, Moss Point, Mississippi ("the Property"), as security for the Note.  Deed of Trust [41-2] at 1,3, and 14.  The Deed of Trust identified Attorney Arnold M. Weiss as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee for Lenders and Lenders' successors and assigns." Deed of Trust [41-2] at 2.  The Deed of Trust provided that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower."  Deed of Trust [41-2] at 11, ¶20.  The Deed of Trust also provided that the Lender could remove the Trustee and appoint a successor trustee.  Deed of Trust [41-2] at 13, ¶24.

On or about February 2, 2012, MERS, as nominee for Homecomings, assigned the Deed of Trust to Nationstar Mortgage, Inc. ("Nationstar").  Assignment of Deed of Trust [35-4] at 1.  On or about August 5, 2013, Nationwide appointed and substituted the Underwood Law Firm, PLLC, as Trustee.  Substitution of Trustee [41-4] at 2.

Through correspondence dated May 31, 2013, Nationstar notified Plaintiff Lakisha Smith that she was in default under the terms and conditions of the Note and Deed of Trust.  Default Notice [41-3] at 2-3.  On September 18, 2013,

Substituted Trustee Underwood Law Firm forwarded to Plaintiffs the Substituted Trustee's Notice of Sale which reflected that Nationstar was foreclosing on the Property, and that the foreclosure sale would occur on October 22, 2013. Notice of Sale [1-2] at 7-9.

Apparently, at some point prior to the October 22, 2013, foreclosure sale, Plaintiffs, who were represented by counsel, filed suit against Homecomings, MERS, Nationstar, Underwood Law Firm and John C. Underwood, in the Chancery Court of Jackson County, Mississippi, Case No. 2013-2058-JB. The case was subsequently dismissed by an Agreed Order entered November 22, 2013. Agreed Order of Dismissal [35-10] at 1.

On or about October 22, 2013, Plaintiff Lakisha Smith, through her attorney, also filed a voluntary Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for Southern District of Mississippi, Case No. 13-52077. Voluntary Petition [41-5]. In furtherance of the bankruptcy, Plaintiff Lakisha Smith filed her "Schedule D - Creditors Holding Secured Claims," and identified Nationstar as the mortgage holder for the single family dwelling located at 2807 Woodlawn Avenue, Moss Point, Mississippi. Summary of Schedules [41-6] at 8. Plaintiff Lakisha Smith later submitted a proposed Chapter 13 Plan reflecting monthly mortgage payments to Nationstar in the amount of $732.00, and monthly mortgage arrearage payments to Nationstar in the amount of $85.40. Plan [41-7] at 1. On August 1, 2014, Chapter 13 Trustee Warren E. Cruntz, Jr., entered an Order Dismissing Case for Non-Compliance, which dismissed Plaintiff Lakisha Smith's

bankruptcy case.  Bankruptcy Order [41-8] at 1-2.

B.     Procedural History

On August 6, 2014, Plaintiffs, appearing pro se, instituted the present lawsuit by filing an untitled pleading ("Complaint") in the County Court of Jackson County, Mississippi, Civil No. 2014-1963-JB [1-2], naming as Defendants Homecomings, MERS, Nationstar, Underwood Law Firm, PLLC, and John C. Underwood.  The Complaint asserts that Defendants Nationstar and Underwood Law Firm should be enjoined from foreclosing on the Property because they do not have the "legal right to engage or continue this sale because the defendant is not the holder of any valid deed of trust that would otherwise empower it to undertake the sale."  Compl. [1-2] at 1-2.

The Complaint also seeks temporary and permanent injunctions to stop foreclosure proceedings initiated by Defendants against the Property.  Compl. [1-2] at 1-3, 9.  Further, the Complaint raises a claim for unjust enrichment and seeks "an order setting aside or vacating the unauthorized sale" of the Property by "Nationstar Mortgage," and "Underwood Law Firm, PLLC."  Compl. [1-2] at 3-5. To support these allegations, Plaintiffs attach a copy of the Substituted Trustee's Notice of Sale.  Notice of Sale [1-2] at 7-9.

On September 8, 2014, Defendants Nationstar and MERS removed the case to this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1.  Nationstar and MERS maintained that Mississippi Defendants John C. Underwood and Underwood Law Firm, PLLC ("Underwood"),

were improperly joined, such that complete diversity exists. Notice of Removal [1] at 2. The Court entered an Order [24] dismissing Defendant John C. Underwood, Jr., deceased, on February 10, 2015, and entered a Memorandum Opinion and Order [31] on May 29, 2015, dismissing Underwood Law Firm, PLLC.

On November 23, 2015, Defendants Nationstar and MERS filed their Renewed Motion for Summary Judgment [35] and Memorandum in Support [36], and on February 5, 2016, Defendants conventionally submitted unredacted exhibits in support of their summary judgment motion. Notice of Conventional Filing [40]; Restricted Documents [41]. On February 23, 2016, based upon a finding that Plaintiffs had failed to timely effectuate service of process on Defendant Homecomings, the Court entered an Order [42] dismissing Plaintiffs' claims against Homecomings without prejudice.

As of the date of this Memorandum Opinion and Order, Plaintiffs have neither filed an amended complaint nor a response[1] to the Renewed Motion for

---

[1] In reaching the conclusion that Plaintiffs have not filed a response to Defendants' Renewed Motion for Summary Judgment [35], the Court notes that Defendants' Certificate of Service for both their Motion [35] and Memorandum [36], filed November 23, 2015, reflect service to Plaintiffs "via U.S. Mail, postage prepaid." Motion [35] at 5; Memorandum [36] at16. Defendants' Notice of Conventional Filing [40] of the unredacted documents, filed February 5, 2016, reflects service to Plaintiffs "via U.S. Mail, certified, return receipt requested, postage prepaid." Notice [40] at 3. Plaintiffs' time to respond to any issues implicated by filing of the unredacted documents ran, at the latest on February 22, 2016. *See* L. U. CIV. R. 7((b)(4) (fourteen days to respond to motion); *see also* FED. R. CIV. P. 6(d) (three additional days allowed if service is made by mail). Regardless of which date is used, Plaintiffs have not filed a timely response.

Summary Judgment.  The Court thus finds that Nationstar and MERS are the only Defendants remaining in this action and that the original Complaint is the operative pleading.

## II.   DISCUSSION

A.   <u>Summary Judgment Standard</u>

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).  Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant,  general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine

issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). According to the Fifth Circuit, the nonmoving party's burden

> . . . is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, by "conclusory allegations," *Lujan*, 110 S. Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little*, 37 F.3d at 1075 (internal citations and quotations omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

B. <u>Analysis</u>

The record in this case reveals that Defendants have provided sufficient competent summary judgment proof to establish that Nationstar is, and was at all relevant times, the legal holder of the Deed of Trust with the legal authority to enforce its terms, including foreclosing on the Property. Plaintiffs have not responded to the Renewed Motion for Summary Judgment or otherwise submitted

any competent documentary evidence that would create a genuine issue of fact sufficient to survive summary judgment on this point.

The competent summary judgment evidence further supports the conclusion that the Property was subject to a Note and Deed of Trust which initially identified Homecomings as the Lender.  Plaintiffs' Deed of Trust unambiguously provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower."  Deed of Trust [41-2] at 11, ¶20.

Pursuant to the terms of the Deed of Trust, MERS as nominee for Homecomings, assigned the Deed of Trust to Nationstar on or about February 2, 2012.  Assignment [35-4] at 1.  Plaintiff Lakisha Smith later acknowledged that Nationstar was the holder of the mortgage on the Property in her Voluntary Chapter 13 bankruptcy filings.  Plaintiff Lakisha Smith's Chapter 13 Plan reflected her monthly mortgage payments as well as monthly payments towards the mortgage arrearage to Nationstar.  Apparently, Nationstar received payments under the Chapter 13 Plan prior to the dismissal of the Chapter 13 bankruptcy. Affidavit of A.J. Loll, Vice President, Nationstar [33-1] at 2.

Plaintiffs have offered no legal authority or competent summary judgment proof to support any assertion that the Deed of Trust was improperly or illegally assigned to Nationstar.  Based upon a plain reading of the Deed of Trust and the record as a whole, Nationstar is the valid holder of the mortgage on the Property and has the legal right to enforce the terms of the Deed of Trust, including

8

foreclosure of the Property. *See Battle v. GMAC Mortgage, LLC*, No. 1:11cv187, 2011 WL 12465133, at * 4 (S.D. Miss. Dec. 8, 2011) (citing *E.B., Inc. v. Allen*, 772 So. 2d 555, 546 (Miss. 1998) ("In *E.B., Inc.*, the Mississippi Supreme Court held that all of the assignor's right and interest in the note and deed of trust were transferred pursuant to the assignment)).

Having thoroughly considered Defendants' Motion [35], the record, and relevant legal authority, the Court is of the opinion that Defendants Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc.'s, Renewed Motion for Summary Judgment [35] is well taken and should be granted, and that Plaintiffs' claims against Nationstar and MERS should be dismissed with prejudice.

### III.  CONCLUSION

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendants Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc.'s, Renewed Motion for Summary Judgment [35] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' claims against Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc., are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 24th day of February, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE